IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GILBERT RAEL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV432 |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | MEMORANDUM AND ORDER ON |
| Michael J. Astrue, Commissioner Of Social | ) | PLAINTIFF'S MOTION FOR ATTORNEY |
| Security Administration, | ) | FEES UNDER 42 U.S.C. § 406(b0 |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now before me is the plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b). (Filing 32.) The plaintiff's counsel seeks a fee award in the amount of $14,537.25, based on 30.7 hours of work at a rate of approximately $473.52 per hour, "to be paid by the Plaintiff from past due benefits withheld by the Defendant." (See filing 32 at 3.) Counsel adds that there should be a "provision that the EAJA fees of $5,531.38 previously awarded in this case be refunded by the undersigned to [the plaintiff]." (Id.) In response, the defendant states that he "does not contest Plaintiff's request." (See filing 38 at 2.) For the following reasons, I find that counsel's motion for attorney fees will be granted.

II. ANALYSIS

When "a judgment favorable to a claimant" is rendered in a Social Security case, a court may "allow as part of its judgment a reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). To test the reasonableness of the fee request, the court "may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Id. at 808. The amount requested may be reduced "based on the character of the representation and the

results the representative achieved." Id.

Counsel has supported the instant fee request with several documents, including a log of the hours he expended representing the plaintiff in this court, (see filing 32, Ex. F), a copy of the fee agreement between counsel and the plaintiff, (see filing 32, Ex. F), and a copy of a letter from the Social Security Administration to the plaintiff stating, "We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee," and "We withheld $14,537.25 from your past due benefits in case we need to pay your lawyer," (filing 32, Ex. A, at 3.) As noted above, counsel requests a fee in the amount of $14,537.25, based on 30.7 hours of work at a rate of $437.52 per hour. I find that the fee request is reasonable for the services rendered and equals 25 percent of the total of the past-due benefits that have been awarded to the plaintiff. (See filing 32, Ex. A, at 3 (stating that the plaintiff's past-due benefits are $58,149.00).)[1] Therefore, counsel's motion for an attorney fee in the amount of $14,537.25 will be granted.

As the plaintiff correctly acknowledges, counsel must refund to the plaintiff the $5,531.38 fee award that counsel received under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (See filing 32 at 2, 3; see also filing 28.) The Supreme Court explains,

> In many cases, as in the instant case, the Equal Access to Justice Act . . . effectively increases the portion of past-due benefits that the successful Social Security claimant may pocket. . . .
>
> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-

---

[1] I note parenthetically that the fee requested equals 25% of the past due benefits owed to the plaintiff alone; it does not equal 25% of the total past due benefits owed to the plaintiff, his spouse, and his minor children. It appears that the plaintiff's spouse and children were awarded, collectively, past due benefits in the amount of $30,987.00, and the Administration withheld a total of approximately $5,300.00 from these benefits to pay the plaintiff's counsel. The parties agree that the plaintiff's attorney was already awarded a fee in the amount of $5,300.00 "for his work at the administrative level," (filing 38 at 2; see also filing 32 at 2); therefore, this amount is properly excluded from the plaintiff's § 406(b) motion for attorney fees. Although twenty-five percent of $30,987.00 equals $7,746.75, the plaintiff has decided to "waive[] the $2,446.75 fees that he was entitled to but that the agency failed to withhold." (Filing 32 at 2.)

due benefits."

Gisbrecht, 535 U.S. at 796 (footnote and citations omitted).  The plaintiff's counsel must refund to the plaintiff $5,531.38, which is the amount of the "smaller fee" awarded to counsel in this case.

**IT IS ORDERED** that the "Motion for Attorney Fees Under 42 U.S.C. § 406(b)," filing 32, is granted, and a judgment shall be entered allowing a fee of $14,537.25 for the plaintiff's representation.

**IT IS FURTHER ORDERED** that plaintiff's counsel pay to the plaintiff $5,531.38, which is the amount of the fee previously awarded to counsel under the EAJA.

Dated September 23, 2009.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge